UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| TEJSHON BROWN-COOK, | |
| Plaintiff, | |
| v. | **INITIAL REVIEW ORDER** |
| STATE OF CONNECTICUT DEPARTMENT OF CORRECTIONS, et al. | 3:25-cv-59 (SFR) |
| Defendants. | |

---

Plaintiff Tejshon Brown-Cook is being detained pretrial in the custody of the Connecticut Department of Correction ("DOC") at Bridgeport Correctional Center ("BCC").[1] He filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 to seek damages for violation of his constitutional rights against two DOC officials—Correction Officer Bennett and Lieutenant Pearson—who work at Corrigan-Radgowski Correctional Center ("Corrigan").[2] Compl., ECF No. 1.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the complaint, or any portion

---

[1] The DOC website reflects that Mr. Brown-Cook was admitted to DOC on September 24, 2024 and is still unsentenced. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (stating that courts may "take judicial notice of relevant matters of public record").

[2] Rule 10(a) of the Federal Rules of Civil Procedure requires that all defendants be listed in the case caption. *See* Fed. R. Civ. P 10(a) ("title of the complaint must name all the parties"). Mr. Brown-Cook names the State of Connecticut and DOC as Defendants in the case caption, but neither the State nor DOC, a state agency, is considered to be a person subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). I construe Mr. Brown-Cook's complaint to be asserted against Officer Bennett and Lieutenant Pearson, who are both named as Defendants in his list of parties. *See* Compl. at 3. *See Imperato v. Otsego County Sheriff's Dep't.*, 2016 WL 1466545, at *26 (N.D.N.Y. April 14, 2016) ("Courts have found *pro se* complaints to sufficiently plead claims against defendants not named in the caption when there are adequate factual allegations to establish that the plaintiff intended them as defendants.").

of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). I have thoroughly reviewed all factual allegations in the Complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.

## I.  FACTUAL BACKGROUND

Although I do not set forth all of the facts alleged in Mr. Brown-Cook's Complaint, I summarize his basic factual allegations here to give context to my rulings below.

On November 7 (presumably, 2024), Mr. Brown-Cook sent a threatening message on a J-Pay tablet to two other individuals housed at Corrigan. Compl. ¶ 1. The next morning, he was taken to the Restrictive Housing Unit ("RHU"). *Id.* ¶ 2.

Officer Bennett issued Mr. Brown-Cook a Class A disciplinary report for threatening to engage in physical contact with two other inmates. *Id.* ¶¶ 2-3.

Mr. Brown-Cook was later released from the RHU on November 12, 2024, and was then placed in the same units as the two individuals whom he had previously threatened on November 7. *Id.* ¶ 4.

Mr. Brown-Cook was later jumped and assaulted by the same two individuals whom he had threatened on November 7, 2024. *Id.* ¶¶ 4-5. Mr. Brown-Cook was sent to the medical unit where he received X-rays of his mouth due to his pain and blood in his mouth. *Id.* ¶ 6.

Mr. Brown-Cook spoke to the Warden, who stated that someone "dropped the ball" because Mr. Brown-Cook should not have been placed in the same unit as individuals whom he had previously threatened. *Id.* ¶¶ 7-8.

## II.  DISCUSSION

Mr. Brown-Cook's Complaint raises claims of indifference to his health and safety. As Mr. Brown-Cook is a pretrial detainee, his claims of deliberate indifference to his health and

safety are governed by the Fourteenth rather than by the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (deliberate indifference); *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015) (excessive force); *see also Charles v. Orange Cnty.*, 925 F.3d 73, 85-86 (2d Cir. 2019) (pretrial detainee medical indifference claims fall under the Fourteenth Amendment).

Thus, I consider whether Mr. Brown-Cook has alleged facts to state any plausible claim for damages under Section 1983 for Fourteenth Amendment violations against the two defendants, Officer Bennett and Lieutenant Pearson. To do so, Mr. Brown-Cook must allege facts to reflect a defendant was personally involved in any alleged constitutional violation. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983") (internal quotation marks and citation omitted). This is true with respect to supervisory officials as well. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (holding that a plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability" in order to hold a state official liable for damages under § 1983, and that "it is not enough for [a plaintiff] to show that [a defendant] was negligent, or even grossly negligent, in her supervision of the correctional officers or in failing to act on the information she had").

Prison officials have a duty to take reasonable measures to protect incarcerated individuals from violence inflicted by others. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *see also Walker v. Schult*, 717 F.3d 119, 128 (2d Cir. 2013). Officials can be liable for their failure to intervene to protect a person if the person is incarcerated "under conditions posing a substantial risk of serious harm" and prison officials are deliberately indifferent to the risk to the individual's health or safety. *Farmer*, 511 U.S. at 832-33; *Lewis v. Siwicki*, 944 F.3d 427, 430-31 (2d Cir. 2019). Deliberate

indifference requires more than "mere negligence." *Farmer*, 511 U.S. at 835. Instead, an official is liable only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Here, Mr. Brown-Cook's Complaint suggests that certain unnamed DOC staff may have acted with indifference to his health and safety by placing him in the same unit as the two individuals whom he had previously threatened. Mr. Brown-Cook has not, however, alleged any facts about conduct by Lieutenant Pearson. And the only allegation about Officer Bennett is that he wrote the disciplinary report charging Mr. Brown-Cook with threatening the two individuals. Thus, Mr. Brown-Cook has not alleged any facts to suggest that either Officer Bennett or Lieutenant Pearson was involved with the decision to place him in the same housing unit as the two individuals who attacked him. As Mr. Brown-Cook has not stated any grounds for his claims for damages due to Fourteenth Amendment indifference to his health and safety by either Officer Bennett or Lieutenant Pearson, I must dismiss Mr. Brown-Cook's Fourteenth Amendment claims against both defendants as not plausible.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's complaint is **DISMISSED** without prejudice for failure to state any plausible claims under 42 U.S.C. § 1983.

I will provide Mr. Brown-Cook an opportunity to file an amended complaint to state a plausible Fourteenth Amendment claim of indifference to his health and safety. Mr. Brown-Cook's amended complaint must include factual allegations describing how each defendant against whom he seeks damages acted with indifference to his health and safety in violation of the Fourteenth Amendment. The clerk is instructed to send Mr. Brown-Cook the form approved in this District

5

for a prisoner amended complaint. Mr. Brown-Cook is advised that any amended complaint, if filed, will completely replace any prior-filed complaint or amended complaint. I will review any amended complaint after filing to determine whether it may proceed to service of process on any defendants named therein.

    If Mr. Brown-Cook fails to file an amended complaint **on or before June 13, 2025,** I will dismiss and close this case.

Bridgeport, Connecticut
May 12, 2025

                                                /s/Sarah F. Russell
                                                SARAH F. RUSSELL
                                                United States District Judge